UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| GREGORY JEROME WINGS, and | ) | Case No. 09-44889-399 |
| LINDA ANNETTE WINGS, | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| ANN FULTZ, | ) | **Adversary No. 09-4184-659** |
| | ) | |
| | ) | PUBLISHED |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| LINDA ANNETTE WINGS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The matter before the Court is Motion for Summary Judgment and Statement of Uncontroverted Material Facts Filed by Plaintiff, Memorandum of Law in Support of Motion for Summary Judgment, Defendant's Cross-Motion for Summary Judgment, Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Cross-Motion for Summary Judgment, Defendant's Answer to Statement of Uncontroverted Material Facts and Defendant's Statement of Uncontroverted Facts in Support of Cross-Motion for Summary Judgment, Plaintiff's Response in Opposition to Defendant's Cross-Motion for Summary Judgment and Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Cross Motion for Summary Judgment. Upon consideration of the record as a whole, the Court makes the following

**FINDINGS OF FACT**:

Debtor Linda Annette Wings (hereinafter "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 27, 2009 (hereinafter "Petition Date"). On September 14, 2009, Ann Fultz (hereinafter "Plaintiff") filed a Complaint Objecting to Discharge of Debt. Plaintiff is the

holder of a State Court Consent Judgment entered on July 28, 2008 against Debtor in the amount of $12,600.00 (hereinafter "Consent Judgment").   Complaint Objecting to Discharge of Debt, p. 1.

Plaintiff was the owner of real property located at 4156 Enright, St. Louis, MO (hereinafter "Property"). Plaintiff's Statement of Uncontroverted Material Facts, (hereinafter "Plaintiff's Facts"), ¶ 1.  On March 9, 2006, Plaintiff entered into a real estate contract with Jennifer Gillen to sell the Property, with a closing date of April 3, 2006. Plaintiff's Facts ¶ 3.  Plaintiff claims that Ms. Gillen attempted to purchase the Property on behalf of an investment group. Plaintiff's Facts ¶ 4.  Plaintiff alleges that Debtor was a member of the investment group. Plaintiff's Facts ¶ 4.  Debtor states that she was not a signatory to any real estate contract with Ms. Gillen, and furthermore, she was neither a partner, third-party beneficiary nor undisclosed principal to any contract with Ms. Gillen or the investment group. Defendant's Answer to Statement of Uncontroverted Material Facts (hereinafter "Defendant's Facts) ¶ 4.

Plaintiff alleges that approximately two days prior to the closing date, two members of the investment group, Brandon Biggs and Bull Guyse, Jr., entered the Property without Plaintiff's permission. Plaintiff's Facts ¶ 5.  Plaintiff claims that Mr.Biggs and Mr.Guyse removed Plaintiff's personal property and placed it in a dumpster which was then removed. Plaintiff's Facts ¶ 6.  Debtor states that Plaintiff's personal property was removed and placed in a dumpster by Mr. Biggs and Mr. Guyse, however the personal property remained undisturbed on the Property in the dumpster for two weeks. Defendant's Facts ¶ 7.

On March 8, 2007, Plaintiff filed a second amended petition in Circuit Court in St. Louis City, Missouri, that alleged Debtor was part of a joint venture that intentionally converted and destroyed Plaintiff's personal and real property, and that such actions were outrageous, malicious and showed reckless indifference. Plaintiff's Facts ¶ 8.  On July 28, 2008 Debtor entered into a Consent Judgment with Plaintiff for $12,600.00 in favor of Plaintiff. Plaintiff's Facts ¶ 9.  The Consent Judgment states in relevant part, "[T]he parties appear in person and by counsel. The parties

2

hereby enter into a consent judgment. Defendants do not admit any wrongdoing." Consent Judgment, p. 1, ¶ 1. "This consent also releases Plaintiff from any pending claims which any individual defendant did or may have asserted against Plaintiff . . . Plaintiff hereby releases each Defendant from any claims which she did or may have asserted against any Defendant." Consent Judgment, p. 3, ¶ 1. Four other co-defendants also entered into the Consent Judgement in the amount of $12,600.00 individually.

Plaintiff now requests this Court declare the debt of $12,600.00 plus accrued interest, attorney fees and costs nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Debtor has filed a Cross-Motion for Summary Judgment, stating that there was no willful and malicious conduct and no genuine issue of material fact and therefore, summary judgment for Debtor is appropriate.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

"A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by Rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr. E.D. Mo. 1998). "A party claiming relief may move, with or without supporting affidavits, for a summary judgment..." FED. R. CIV. P. 56 (a) (2009); FED. R. BANKR. P. 7056 (2009). "The judgment sought shall be rendered forthwith if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (c) (2009); FED. R. BANKR. P. 7056 (2009). The movant must demonstrate that the record does not disclose a genuine

3

dispute of a material fact and identify that portion of the record bearing that assertion. *City of Mount Pleasant v. Associated Elec. Coop., Inc.,* 838 F.2d 268, 273 (8th Cir. 1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212-13 (1986). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 547, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133, 135 (8th Cir. 1992).

"The movant can meet its burden for summary judgment by showing that little or no evidence may be found to support the non-movant's case." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986). "Once a movant has determined that no material facts are in dispute, the non-movant must set forth facts indicating a genuine issue for trial exists in order to avoid granting of summary judgment." See *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2nd Cir. 1996) *citing Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2nd Cir. 1990)). The Court must decide whether Plaintiff or Defendant has met the burden for summary judgment. The Court resolves the matter below.

**Collateral Estoppel Effect of Consent Judgment**

This Court must first decide whether the Consent Judgment has a collateral estoppel effect in this Court. A consent judgment is a judgment "based on an agreement between parties as to terms, amount or conditions of the judgment rendered." *Fritzche v. East Texas Motor Freight Lines,* 405 S.W.2d 541, 544 (Mo. Ct. App. 1966). In Missouri, a consent judgment is given the same effect as any other judgment. *Valcour Printing, Inc. v. Poole,* 148 B.R. 49, 51 (Bankr. E.D. Mo. 1992). The Supreme Court of Missouri held that, "[j]udgments (including judgments by agreement) are conclusive of the matters adjudicated and are not subject to collateral attack except upon

4

jurisdictional grounds." *Payne v. St. Louis Union Trust Co.*, 389 S.W.2d 832, 836 (Mo. S.Ct. 1965)(citations omitted).

"The key to determining whether a consent decree collaterally estops a party from relitigating a factual issue resolved therein is whether the parties to the consent decree intended their agreement to have preclusive effect in later proceedings." *Brandenberger v. Chinnery*, 181 B.R. 954, 960 (Bankr.W.D.Mo. 1995) *citing Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir. 1987), *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987); *see also Valcour Printing, Inc. v. Poole*, 148 B.R. 49 (Bankr.E.D.Mo. 1992)(where this Court held that a consent judgment entered into by both parties was conclusive of the facts alleged in the complaint and had collateral estoppel effect in an objection to discharge). The Consent Judgment entered into by Plaintiff and Debtor states, "This consent also releases Plaintiff from any pending claims which any individual Defendant did or may have asserted against Plaintiff...Plaintiff hereby releases each Defendant from any claims which she did or may have asserted against any Defendant." Therefore, both parties intended the Consent Judgment to be final and have a preclusive effect in later proceedings. Any dispute took place before the parties entered into the Consent Judgment, and therefore, the Consent Judgment stands to have resolved any such issues.

## Willfulness and Maliciousness under §523(a)(6)

Debts arising from willful and malicious conduct by a debtor are excepted from discharge under Section 523(a)(6). 11 U.S.C. § 523(a)(6) (2009). Willfulness and maliciousness are two distinct elements of Section 523(a)(6). *In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008) *citing In re Scarborough,* 171 F.3d 638, 641(8th Cir. 1999), *cert. denied,* 528 U.S. 931, 120 S.Ct. 330, 145 L.Ed.2d 258 (1999). The Eighth Circuit Court of Appeals has set a high bar for certainty of harm regarding willful and maliciousness for the purposes of Section 523(a)(6). *In re Adams*, 349 B.R. 199, 203 (Bankr. W.D. Mo. 2006) *citing In re Hartley,* 869 F.2d 394 (8th Cir. 1989)(citations omitted). To prove willfulness, the creditor must show by a preponderance of the evidence that debtor

5

intended the injury and not just a deliberate or intentional act leading to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); *Grogan v. Garner,* 498 U.S. 279, 280, 111 S.Ct. 654, 655, 112 L.Ed.2d 755 (1991).  Debts arising from recklessly or negligently inflicted injuries do not fall within the compass of Section 523(a)(6). *Kawaauhau,* 523 U.S. at 64*,* 118 S.Ct. at 978.  "If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences." *In re Patch,* 526 F.3d at 1180.  Thus, to prove willfulness under Section 523(a)(6), Plaintiff is required to prove by a preponderance of the evidence that Debtor either desired for Plaintiff to suffer injury, or that Debtor was substantially certain that Plaintiff would suffer injury.

Any action taken by Debtor or the other defendants in the State Court case occurred prior to the Consent Judgment.  The Consent Judgment settles all factual disputes between Plaintiff and Debtor.  The Consent Judgment does not provide any indication of willfulness and maliciousness on the part of the Debtor.  Therefore, this Court agrees with Debtor and finds that there is no genuine issue of material fact relating to willful and malicious conduct on the part of the Debtor. Therefore, Debtor is entitled to judgment as a matter of law.

Even if the Consent Judgement did not have preclusive effect, Plaintiff did not allege sufficient facts to meet the standard of willfulness and maliciousness.  Plaintiff alleged that Debtor was part of a joint venture that intentionally converted and destroyed Plaintiff's personal and real property and that such actions were outrageous, malicious and showed reckless indifference. Debtor never entered the Property, nor were any facts alleged that she hired, encouraged or conspired with anyone to enter the Property.  Debtor's conduct does not rise to the level of "willful" and "malicious" injury to Plaintiff or Plaintiff's property.

6

By separate Order, Plaintiff's Motion for Summary Judgment will be denied and Defendant's

Cross-Motion for Summary Judgment will be granted.

_____
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  April 16, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Rufus J. Tate, Jr.
The Tate Law Firm, LLC
7751 Carondelet
Suite 803
Clayton, MO 63105-3369

Matthew Richard Davis
Heller, Gallagher & Finley LLP
1034 S Brentwood
1555
St. Louis, MO 63110

Gregory and Linda Wings
1231 Peaceful Valley Dr
O'Fallon, MO 63368